**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATASHA CULP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-2274-JWB-ADM |
| v. ) | |
| ) | |
| SENTINEL REAL ESTATE CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Sentinel Real Estate Corporation ("Sentinel") moves for leave to designate its expert witness past the deadline in the current scheduling order. (ECF 50.) Plaintiff Natasha Culp ("Culp") opposes the motion on the grounds that Culp will be prejudiced by the late "surprise" designation of an expert to testify directly against Culp's expert about the mold issues at the heart of this case, given that discovery is closed and Sentinel had represented to Culp that it was relying solely on fact evidence and fact witnesses for its defense. (ECF 52.) Although Sentinel's untimely expert disclosure was not substantially justified, the court grants Sentinel's motion because the late disclosure is harmless.

**I. BACKGROUND**

Culp's complaint alleges that Culp noticed a water leak from above her apartment in late June 2022, and that the apartment complex owner, Sentinel, failed to correct that water leak, which led to continued disruptions and Culp's unit becoming uninhabitable because of mold. (ECF 1.) Sentinel denies the mold allegations, relying on a report from Apex Environmental Consultants, Inc. ("Apex"). Apex conducted a professional inspection and testing of indoor air samples from Culp's apartment after Culp reported the water leak.

1

Sentinel served Rule 26(a)(1) initial disclosures in late November 2024 that identified Lance Tomlin, the Apex Project Manager who created the mold report ("Apex Report"), as a fact witness to testify about what he observed inside Culp's apartment unit with respect to mold and what was done. (ECF 17; ECF 50, at 1; ECF 52, at 2.) On February 28, 2025, Culp timely served expert disclosures for her non-retained expert witness, who is expected to testify about the mold conditions inside Culp's unit. (ECF 31, 52, at 3.) The docket reflects that Sentinel served expert disclosures on April 4, 2025 (ECF 35), but the court understands from the parties' briefing that these "expert disclosures" consisted of Sentinel's production of the Apex Report. Sentinel did not actually disclose an expert witness on this date. Frankly, the docket reflects that very little discovery—and not a single deposition—was conducted during the discovery period, which closed on May 9. The only deposition to date—Culp's deposition—was taken on July 8. (ECF 55.)

## II.   LEGAL STANDARD

The only legal standard invoked in the parties' briefing is Fed. R. Civ. P. 37(c)(1).[1] That rule states as follows:

> *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**. . . .

FED. R. CIV. P. 37(c)(1) (emphasis added).

## III.   ANALYSIS

Sentinel's motion explains that it intended to have Tomlin, the Apex Project Manager who created the Apex Report and was previously disclosed as a fact witness, testify at trial as to the

---

[1] The parties do not address the "good cause" standard under Fed. R. Civ. P. 16(b)(4).

2

facts concerning what was done at the premises and what was found. (ECF 50, at 1.) Sentinel changed course when it learned, in connection with the pretrial conference on June 4, that Culp planned to challenge Tomlin's testimony to the extent it would cross from fact into opinion testimony. Since the pretrial conference, Sentinel also learned that Tomlin has retired. (*Id*.) As a result, Sentinel now seeks leave to designate Apex Vice President Christopher Frey as a retained expert witness who will testify as to the Apex Report and its findings to rebut the opinions of Culp's mold experts. (*Id*.) Sentinel argues that Culp will not be prejudiced if the court grants Sentinel's request because (1) Culp has had the Apex Report for several months and (2) Culp has ample time to depose Frey and prepare any appropriate response given that the deadline to exclude expert testimony is more than two months away on September 19 and trial is not until February 23, 2026. (ECF 50, at 2-3.) Sentinel also correctly points out that the Tenth Circuit has "a strong predisposition to resolve cases on the merits" and has held that "[t]he decision to exclude evidence is a drastic sanction." (*Id.* at 2 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).)

On the other hand, Culp contends that she would be prejudiced if Sentinel is permitted to disclose Frey as an expert witness with new opinions—not a fact witness like Tomlin—at this late stage of the case, with discovery closed. (ECF 52, at 1-2.) Culp points out that Sentinel can still use the Apex Report as fact evidence, as originally planned. (*Id.* at 1.) Culp also clarifies that the Apex Report was not produced until April 16—after Sentinel's expert disclosure deadline and only a few weeks before discovery closed on May 9. (*Id*. at 2.) Indeed, Sentinel did not even mention designating an expert witness until after Culp pointed out, during the June 4 pretrial conference, that some of Sentinel's proposed evidence would be limited to facts and Tomlin would

3

not be able to testify as to conclusions that would cross into "expert" testimony.  (*Id*. at 3.)  Culp says she had "zero notice" that Sentinel retained an expert witness until June 13 when Sentinel filed the current motion and attached the expert disclosure to the motion.  (*Id*.)  Culp argues she will be prejudiced if the court allows Sentinel's tardy expert disclosure because it will put her in the "difficult position" of having to prepare an effective cross examination of a new expert on new opinions and potentially arranging for an additional expert to counter Sentinel's newly disclosed expert opinions.  (*Id*. at 4.)  Culp further points out that Sentinel's motion is "silent" on how this late expert disclosure is substantially justified.  (*Id*. at 3.)

The court agrees with Culp that Sentinel's late disclosure was not substantially justified.  Sentinel knew its expert disclosure deadline was April 4.  Sentinel produced the Apex Report that day and filed a Certificate of Service stating that it had served Culp with "Defendant's Expert Disclosures" that day.  (ECF 35.)  Even if Sentinel intended for Tomlin—and now Frey—to testify in large measure as a fact witness, Sentinel should have timely disclosed the witness on April 4 (at least as a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C)) to the extent that Sentinel intended to have the witness testify about opinions based on the Apex Report.

The court is also unpersuaded by Sentinel's argument that it just now learned that Tomlin retired, so its late expert disclosure of Frey should be excused.  But the mere fact that Tomlin has retired is irrelevant.  Sentinel has not explained when he retired, why Sentinel is just now learning that he retired, or why his retirement necessarily makes him unavailable.  In other words, Sentinel has not explained why it did not check to verify Tomlin's availability sooner so that it could have met the April 4 expert disclosure deadline.  Rather, it appears that Sentinel simply disregarded the expert disclosure deadline altogether.

4

The court also rejects Sentinel's arguments that its late expert disclosure is substantially justified because Sentinel produced the Apex Report months ago and Culp has known of the report's subject matter since November 2024. The point is that Sentinel never disclosed to Culp that it intended to use the Apex Report to support expert opinions and conclusions as to the mold found in her apartment until the issue was raised during the June 4 pretrial conference and Sentinel served its expert disclosure (ECF 50-1) on June 13.

Nevertheless, despite the lack of substantial justification, Sentinel's failure to timely disclose is harmless given the timing of the case. Culp argues she is prejudiced because, if Sentinel's tardy expert disclosure is permitted, Culp will have a compressed timeframe to prepare an effective cross examination of the new expert and to possibly arrange for an additional expert to counter Sentinel's newly disclosed expert opinions. (ECF 52, at 4.) But, during the June 4 pretrial conference, the court extended the deadline for motions to exclude the testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, to September 19, 2025. Therefore, Culp has time to digest the report served on June 13 and depose the expert in the next two months before the expert motion deadline. In addition, to avoid any issues getting Frey's deposition scheduled, the court orders Sentinel to provide Culp, by July 18, with multiple confirmed dates on which Frey is available for a deposition on or before August 12.[2]

In addition to the lack of prejudice or harm to Culp from the late disclosure, the court is concerned that disallowing Sentinel's expert disclosure would be akin to exclusion of evidence

---

[2] To the extent that Culp believes that it needs to serve further expert disclosures to rebut Sentinel's late-disclosed expert opinions, the court directs the parties to meet and confer and try to reach agreement about the timing and scope of any further expert disclosures.

that could be case dispositive as a practical matter because mold is one of the core issues in the case. If the exclusion of evidence would be dispositive, it is subject to more careful scrutiny. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017); *see also Summers*, 132 F.3d at 604 ("The decision to exclude evidence is a drastic sanction."). In such instances, the court must consider lesser sanctions or other measures to remediate prejudice to the opposing party. *HCG Platinum, LLC*, 873 F.3d at 1205; *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (reversing district court's exclusion of a medical malpractice expert's testimony after service of a deficient expert report that ultimately resulted in the district court granting defendant's summary judgment motion); *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 188 (D. Kan. 2021) (district court granted motion to amend scheduling order to allow experts despite failure to satisfy Rule 16(b)(4)'s good cause standard because not allowing the plaintiff to present infringement expert report would be dispositive). In determining whether the exclusion of evidence is warranted, the court must consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC*, 873 F.3d at 1200.

Under the circumstances here, these factors weigh against exclusion. The court has already found that any prejudice or surprise to Culp from the late disclosure can by cured because the current schedule, discussed during the June 4 pretrial conference and supplemented herein, allows Culp time to digest the June 13 expert disclosure and depose the expert before the expert motion deadline on September 19. Moreover, to ameliorate any prejudice to Culp, the court is allowing Culp the opportunity to assess whether she needs to serve supplemental or new expert

witness disclosures to rebut Sentinel's expert opinions (if appropriate). Next, the court finds that introducing such expert testimony would not disrupt the trial given that the bench trial in this case is scheduled for February 23, 2026, which is more than seven months away. Lastly, the court does not find bad faith or willfulness on the part of Sentinel. The court accepts Sentinel's explanation that it believed the Apex Report was factual and that Tomlin would testify as to facts disclosed in the report, including what was done and what was found during Apex's inspection—thus making an expert report unnecessary. And when Sentinel finally realized during the pretrial process that it had made a mistake in not designating an expert to opine regarding the portions of the Apex Report that cross from fact into expert opinion, Sentinel served its expert disclosure on June 13. Although the court understands Culp's frustrations with Sentinel's belated disclosure, the court finds that Sentinel's delay does not rise to the level of willfulness or bad faith.

**IT IS THEREFORE ORDERED** that Sentinel's Motion for Leave to Designate Expert Witness Out of Time (ECF 50) is granted.

**IT IS FURTHER ORDERED** that, by July 18, 2025, Sentinel must provide Culp with multiple dates on which expert Christopher Frey is available for a deposition on or before August 12.

**IT IS SO ORDERED.**

Dated July 10, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge