IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATASHA CULP,

      Plaintiff,

v.                                          Case No.  24-02274-JWB

SENTINEL REAL ESTATE CORP.,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion to strike the testimony of expert Dr. James Wedner. (Doc. 63.)  The motion is fully briefed and ripe for decision.  (Docs. 63, 64, 66.) The motion is DENIED for the reasons stated herein.  Additionally, the court DENIES Defendant's motion to exclude expert testimony (Doc. 62) without prejudice.

**I.   Facts**

In May 2022, Sentinel Real Estate Corporation (hereinafter "Sentinel" or "Defendant") purchased Lexington Farms Apartment Complex.  (Doc. 60 at 2.)  One existing tenant at the complex was Natasha Culp ("Plaintiff" or "Ms. Culp").  (*Id.*)  In June and July of 2022, Ms. Culp reported water leaks coming from above her unit.  (*Id.*)  In August, Ms. Culp reported another leak coming from above her unit and that there was mold in her unit.  (*Id.*)  The following day she reported that she and her family were ill from exposure to mold.  (*Id.*)  At various points, maintenance at the complex responded to work orders for each leak, including three days after Ms. Culp's final complaint.  (*Id.*)  Ms. Culp vacated her unit on August 21, 2022.  (*Id.*)  She filed the instant lawsuit in June 2024.  (Doc. 1.)  The parties are proceeding to trial and have filed a motion to exclude expert testimony and a motion to strike.  (Docs. 62, 63.)

Defendant's motion to exclude expert testimony is an "omnibus motion" that seeks exclusion of all 12 of Plaintiff's non-retained expert witnesses. (Doc. 62 at 1.) Defendant theorizes that since Plaintiff has admittedly never been diagnosed with a mold-related illness, her experts cannot offer opinion testimony on mold being the proximate cause of Plaintiff's injuries. (*Id.* at 1-2.) Therefore, because such testimony is allegedly irrelevant (*id.* at 7), Defendant seeks exclusion of any expert opinion testimony that is related to "causation, health effects, environmental standards, remediation adequacy, medical-bill reasonableness/relatedness, or pet health." (*Id.* at 2.) Defendant would limit the experts' testimony to lay observation of treatment and medical records. (*Id.*) The court denies this motion to exclude without prejudice. Defendant may raise specific objections to questions that elicit specific opinion testimony from these 12 witnesses at trial. The court declines to wholesale exclude opinions from treating providers and others based on the arguments in the motion because this is a matter that is being tried to the court.

Plaintiff's motion to strike (Doc. 63) contends that Defendant failed to disclose one of its expert reports in a timely fashion. (*Id.* at 1-2.) Expert disclosures for Defendant in this case were due on April 4, 2025. (Doc. 23 at 2.) Discovery was to be completed by May 9, 2025. (*Id.*) On April 4, Defendant disclosed Dr. H. James Wedner. (Doc. 35; Doc. 63 at 1.) Defendant did not include an expert report for Dr. Wedner with its disclosure. (Doc. 63 at 1; Doc. 64 at 2.) Dr. Wedner's report was produced for the first time on August 8, 2025. (Doc. 63 at 2; Doc. 64 at 2.) Defendant produced the remaining discovery materials required to be disclosed under the Federal Rules of Civil Procedure ("FRCP") on August 12, 2025. (*Id.*) Plaintiff believes this four-month delay justifies the exclusion of Dr. Wedner. As explained above, the court considers only Plaintiff's motion to strike. (Doc. 63.)

During that intervening four months, in May, Plaintiff was scheduled to undergo a medical evaluation with Dr. Wedner. (Doc. 64 at 2; Doc. 66 at 1.) That examination was cancelled, at Plaintiff's request, apparently after Plaintiff reviewed the proposed pre-trial order where Defendant allegedly "more-or-less called plaintiff a liar." (Doc. 66 at 2.) Also in May, Plaintiff requested dates to depose Dr. Wedner. (Doc. 64 at 2; Doc. 66 at 1.) After the cancellation of the examination, Plaintiff did not seek to depose Dr. Wedner, allegedly because defense counsel never set a date. (Doc. 64 at 2; Doc. 66 at 2.) Pre-trial conferences were held on June 4, 2025, and August 19, 2025. (Docs. 47, 59.) The instant motion to strike was filed on September 19, 2025. (Doc. 63.)

## II.  Standard

### A. Expert Disclosures

FRCP 26(a)(2) requires parties to disclose the identity of their expert witnesses, as well as their expert witnesses' reports, in accordance with scheduling orders issued by the trial court. If supplementation is necessary, parties are to supplement or correct any disclosure in a timely manner or as ordered by the court. Fed. R. Civ. Proc. 26(e)(1). For expert witnesses, any changes "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. Proc. 26(e)(2). If a party fails to provide or supplement the information required in Rule 26(a) or 26(e), that information will be excluded unless the failure is substantially justified or harmless. Fed. R. Civ. Proc. 37(c)(1). The purpose of these rules is to promote full disclosure of the facts and to prevent trial by ambush. *See Baumann v. Am. Family Mut. Ins. Co.*, 278 F.R.D. 614, 615 (D. Colo. 2012) (citing *Morel v. Daimler–Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009)).

Furthermore, the local rules provide that any discovery-related motion must be filed within 30 days of "the default or service of the response, objection, or disclosure that is subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute." D. Kan. R. 37.1(c). Failure to "demonstrate diligence in attempting to resolve the specific discovery dispute at issue" permits the court to deny any motion filed after 30 days as untimely. *Id.* The local rules also require parties to confer about discovery disputes arising under FRCP Rules 26 through 37 before the court will "entertain any motion to resolve" such dispute. D. Kan. R. 37.2.

### III. Analysis

Plaintiff has not complied with the local rules; thus her motion to strike must be denied. As explained above, Rule 37.2 requires the parties to confer regarding discovery disputes before filing a motion with the court. Defendant alleges Plaintiff has not so conferred. (Doc. 64 at 4.) Plaintiff does not deny this assertion and presents no evidence to the contrary. (Doc. 66.)

Moreover, Plaintiff's motion is untimely under the local rules. Local Rule 37.1(c) gives parties 30 days from discovery of the possible discovery dispute to file a motion. Here, at the latest, Plaintiff knew of the discovery dispute when Dr. Wedner's expert report was disclosed on August 8. (Doc. 63 at 2; Doc. 64 at 2.) Plaintiff filed her motion on September 19. (Doc. 63.) That period is 42 days, a full 12 days after the deadline established by the local rules. Given that, as explained in the preceding paragraph, Plaintiff has not conferred with Defendant about the dispute, the court cannot say that Plaintiff has "demonstrated diligence" in attempting to resolve it. D. Kan. R. 37.1(c). Accordingly, Plaintiff's motion to strike was untimely and must be denied.

But even if the local rules were not in place, the court would still deny Plaintiff's motion. FRCP 37(c)(1) provides for the exclusion of witnesses or information that were not timely

4

disclosed under Rule 26(a).  *See Cereceres v. Walgreens Co.*, No. 20-cv-03406, 2022 WL 2105895 at *2 (D. Colo. Jun. 9, 2022).  Failure to comply with the disclosure rules means the infringing party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "The determination as to whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the court."  *Cereceres*, 2022 WL 2105895 at *2 (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

In exercising that "broad discretion" the Tenth Circuit has instructed that district courts consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice;
> (3) the extent to which introducing such testimony would disrupt the trial; and
> (4) the moving party's bad faith or willfulness.

*Woodworker's Supply,* 170 F.3d 985 at 993.  The court will apply each factor in turn.  First, the court finds it unlikely that there is significant prejudice or surprise to Plaintiff here.  Defendant produced the expert report at issue six months before trial. (Doc. 63 at 2; Doc. 64 at 2.)  Plaintiff has also declined to object to the non-disclosure at any other point in discovery prior to her motion to strike. (Doc. 66 at 1.)  While the court hesitates to call this waiver as Defendant does, it certainly weighs against Plaintiff in the prejudice and surprise analysis.  Plaintiff claims that she could not have objected earlier to a report that had not yet been produced, but this hides the ball. (*Id.*)  Plaintiff's objection is not to the *substance* of the expert report but the *timing* of its disclosure.  *See* (Doc. 63.)  As a result, Plaintiff most certainly could have objected to Dr. Wedner's testimony earlier, on the grounds that his report had not been disclosed.  Plaintiff did not, and that counsels against a finding of harm on the first factor.

Second, it appears to the court that Defendant has already cured some of the prejudice to Plaintiff. Defendant produced the report, albeit late, six-months before trial. (Doc. 63 at 2; Doc. 64 at 2.) It is unclear what prejudice Plaintiff will suffer at this time. Plaintiff argues that she "should not have to depose Dr. Wedner months after discovery closed simply because defendant violated Rule 26." (Doc. 63 at 4.) Whether or not Plaintiff should have to, the bottom line is Plaintiff *can* depose Dr. Wedner and therefore the prejudice can be cured in substantial part.

Third, the court does not believe that the introduction of Dr. Wedner's testimony would disrupt the trial at all. As explained above, there remains four months before trial in this case and Plaintiff will have had the expert report for six. Neither party raises, nor does the court expect disruption of trial because of Dr. Wedner's testimony.

Finally, while Plaintiff gestures at bad faith in discovery on the part of Defendant (Doc. 66 at 3), the court does not find it likely that Defendant engaged in bad faith. It appears to the court, as Defendant argues, that Dr. Wedner wanted to produce opinions with the benefit of an examination, which was eventually cancelled. (Doc. 64 at 2-3.) This desire is expressed in the parties' proposed pretrial order, which was jointly "complete[d]" on May 23, 2025. (Doc. 64-2 at 13; *see also* Doc. 64-1 at 2-3) (emails showing the date the draft pre-trial order was completed). After the cancellation of the medical examination, Dr. Wedner formed his opinions and produced his report. (Doc. 64 at 2.) This does not look like bad faith, but rather an expert adjusting to the resources available to him.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to strike (Doc. 63) is DENIED. Additionally, Defendant's motion to exclude (Doc. 62) is DENIED without prejudice.

IT IS SO ORDERED.  Dated this 29th day of October, 2025.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                CHIEF UNITED STATES DISTRICT JUDGE